**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **IN RE ALUMINUM WAREHOUSING ANTITRUST LITIGATION**<br><br>This Document Relates To:<br><br>Direct Purchaser Plaintiffs (14 Civ. 3116) | 13 MD 2481 (KBF)<br><br>Hon. Katherine B. Forrest |

**DIRECT PURCHASER CLASS PLAINTIFFS' MEMORANDUM IN SUPPORT OF**
**THEIR MOTION FOR LEAVE TO**
**AMEND THEIR MOTION TO AMEND THE COMPLAINT**

## TABLE OF CONTENTS

I.   The Second Circuit Court of Appeals And Other Courts Have Granted Motions To Amend Motions Where The Proposed Amendment Is Filed Before The Adversary's Response Or The Hearing On The Original Motion ........................................................... 1

II.  This Court Has Recognized That Multiple Amendments of A Complaint Are Appropriate In Similar, But Less Complex Cases ............................................................. 3

III. Specific Further Circumstances Why The Proposed Amendment of The Motion Is In The Interests Of Justice ............................................................................................. 4

CONCLUSION ....................................................................................................................... 7

# TABLE OF AUTHORITIES

**Cases**                                                                                               **Page(s)**

*Arenson v. Board of Trade of City of Chicago*,
  372 F.Supp. 1349 (N.D.Ill. 1974) ............................................................................... 5

*Druitt v. College of William & Mary*,
  2005 WL 3845103 (E.D. Va. Feb. 23, 2005) ........................................................... 2, 3

*In re Aluminum Warehousing Antitrust Litig.*,
  2014 WL 4277510 (S.D.N.Y. Aug. 29, 2014) ............................................................. 3

*In re Lithotripsy Antitrust Litig.*,
  2000 WL 765086  (N.D.Ill. 2000) ............................................................................... 5

*In re Processed Egg Products Antitrust Litig.*,
  2012 WL 5467530  (E.D.Pa. Nov. 9, 2012) ............................................................... 5

*In re Sumitomo Copper Litig.*,
  74 F.Supp.2d 393 (S.D.N.Y. 1999) ............................................................................. 5

*Loeb Indus., Inc. v. Sumitomo Corp.*,
  306 F.3d 469 (7th Cir. 2002) ................................................................................... 3, 4

*MacNeil v. Whittemore*,
  254 F.2d 820 (2d Cir. 1958) ....................................................................................... 1

*Martin v. Automobili Lamborghini Exclusive, Inc.*,
  307 F.3d 1332 (11th Cir. 2002) ................................................................................. 2

*Merrill Lynch, Pierce, Fenner & Smith v. Curran*,
  456 U.S. 353 (1982) ................................................................................................... 5

*Vanslambrouck v. Fairfield Indus.*,
  2011 WL 2435947 (M.D. Fla. June 15, 2011) ........................................................ 2, 3

*White v. Marshall*,
  WL 230096 (E.D. Wis. Jan. 30, 2009) ....................................................................... 2

**Statutes**

28 U.S.C. § 1651.................................................................................................................. 2

 **Rules**

Fed. R. Civ. P. 1................................................................................................................... 2

The Direct Purchaser Class Plaintiffs ("Plaintiffs") respectfully submit this memorandum and the accompanying Notice of Motion with attachments, in support of their motion for leave to amend their two filings made under seal on October 10, 2014 (ECF No. 610).

Specifically, Plaintiffs seek to substitute for the two earlier documents in ECF No. 610 the two documents attached to their accompanying Notice of Motion: (1) the Direct Purchaser Plaintiffs' **Amended** Memorandum Of Law In Support Of Motion For Leave To Amend, and (2) Direct Purchaser Plaintiffs' **Amended** Notice of Motion attaching a changed, Proposed "Second Consolidated Amended Class Action Complaint."[1]  Such attachments are being filed only with the "under seal" version of the Notice of Motion.

### I.   The Second Circuit Court of Appeals And Other Courts Have Granted Motions To Amend Motions Where The Proposed Amendment Is Filed Before The Adversary's Response Or The Hearing On The Original Motion

The Second Circuit has affirmed the exercise of discretion in granting a motion for leave to file an amended motion to dismiss where such relief was sought "**well in advance of a hearing**." [Emphasis added] *MacNeil v. Whittemore*, 254 F.2d 820, 821 (2d Cir. 1958) (affirming leave to amend to add ground of improper venue and avoid waiver of the defense) ("*MacNeil*").  As in *MacNeil*, the amendment here is being proposed well in advance of the hearing.

In deciding motions for leave to file amended motions, federal courts have been guided by the liberal policy for amendment of pleadings under Rule 15(a).  This is true EVEN WHERE, unlike here, the motion sought to be amended had the preclusive effect of waiver. *See, e.g.,*

---

[1] Separately, Plaintiffs are also enclosing in the letter submission to Chambers redlined copies of each exhibit (i) against that filed on October 10, and (ii) in the instance of the complaint, also against the original complaint.

*White v. Marshall*, 07-CV-892, 2009 WL 230096 at *2 (E.D. Wis. Jan. 30, 2009) (granting

motion for leave to file an amended motion for partial summary judgment) ("*White*"); *Druitt v.*

*College of William & Mary*, 4:04-CV-00128, 2005 WL 3845103 at *1-3 (E.D. Va. Feb. 23,

2005) (granting motion for leave to file an amended motion to dismiss) ("*Druitt*").

      Courts have also considered other sources of law, such as Fed.R.Civ.P. Rule 1 and the

inherent authority of District Court to control its proceedings, in granting leave to amend

motions.  In *Vanslambrouck v. Fairfield Indus.*, 2:11-cv-76, 2011 WL 2435947 at *1-2 (M.D.

Fla. June 15, 2011)("*Vanslambrouck*"), the Court reasoned

> like the magistrate judge and the parties, [it] has found no procedural rule
> specifically addressing amendments to motions to dismiss. The Federal Rules of
> Civil Procedure, however, are to 'be construed and administered to secure the
> just, speedy, and inexpensive determination of every action and proceeding.' Fed.
> R. Civ. P. 1. A district court possesses inherent authority to control its
> proceedings, *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332,
> 1335 (11th Cir. 2002), as well as authority under 28 U.S.C. § 1651.").

      The Court in *Druitt* granted leave to file an amended motion to dismiss (which, again,

involved waiver) made **15 days** after the original motion.  2005 WL 3845103 at *1-2.  Although

the amended motion dropped a previous argument that plaintiff had failed to exhaust his

administrative remedies and added an argument that the action was untimely, *Druitt* attached

importance to the facts that plaintiff had not responded to the original motion to dismiss at the

time the amended motion was filed, that the amendment had been proposed promptly. *Id*. at *3.

The analogs of those facts are present here.  The Court in *Druitt* concluded that leave to amend

there was "warranted and otherwise in the interests of justice."

      *Vanslambrouck* overruled objections to the magistrate judge's granting of leave to file an

amended motion to dismiss made **10 days** after the original motion, even though the original

motion failed to assert (and therefore waived) an argument that personal jurisdiction was lacking.

2011 WL 2435947 at *1.  *Vanslambrouck* emphasized that leave to amend had been sought prior to plaintiffs' time to respond to the original motion, and that there was no undue delay, bad faith, intent to manipulate the proceedings or prejudice to plaintiffs.  *Id*. at *2.[2] The analogs of these facts are present here.

### II.    This Court Has Recognized That Multiple Amendments Of A Complaint Are Appropriate In Similar, But Less Complex Cases

Unlike the above-cited cases seeking leave to amend motions to dismiss and, therefore, presenting issues of waiver, the instant motion implicates the Rule 15 standard that leave be "freely given when justice so requires."  Indeed, Plaintiffs are moving promptly for leave to amend their motion.  But courts grant Rule 15 motions at virtually any stage of litigation.

The case of *Loeb Indus., Inc. v. Sumitomo Corp.,* 306 F.3d 469 (7th Cir. 2002) ("*Loeb*"), which involved the London Metal Exchange price used in contracts for the purchase and sale of copper, was analyzed by this Court in the Opinion and Order on the motion to dismiss.  *In re Aluminum Warehousing Antitrust Litig*., 2014 WL 4277510 (S.D.N.Y. Aug. 29, 2014) *supplemented*, 2014 WL 4743425 (S.D.N.Y. Sept. 15, 2014), at *18-20.  *Loeb* was a complex case, though perhaps not as intricate as this case.

---

[2] In *White*, the court allowed defendant to file an amended motion for partial summary judgment **295** days after it filed the original motion.  2009 WL 230096 at *1-2.  Although the court was skeptical of defendant's argument that allowing the amended motion and delaying its time to answer would enhance judicial efficiency, since "the potential for the defendants' *partial* summary judgment motion on the issue of statutory damages to result in dismissal of the case as a whole is far from certain," *id*. at *2 (emphasis in original), it nonetheless exercised its discretion to allow filing of the amended motion and to grant a further brief delay in the time to answer.

*Loeb* arose out of the same facts as *In re Sumitomo Copper Litig.*, 96 Civ. 4584 (MP) ("*Sumitomo*") which was handled in this District by the Honorable Senior Judge Milton Pollack. In *Sumitomo,* the plaintiffs sought leave to amend the complaint on the day of the oral argument on the motion to dismiss.  The very experienced Judge Pollack both allowed the amendment and went further to state:

> Take your time and get that to me completely.  As I said, you have extra time now to amend this complaint.  That doesn't bother me at all.  **It is a big claim, and I have no doubt that in addition to the amendments of this morning, there will be some more amendments next week or the week after**.[3]

[Emphasis added.]

Plaintiffs have no intention of making more "amendments next week or the week after." But they respectfully note that this case is at least as complex as *Sumitomo,* and the instant proposed substitution is being made only **13 days** after the original motion.  This, again, is well within Defendants' time to respond to the original motion, and also well in advance of any oral argument thereon.

### III.   Specific Further Circumstances Why The Proposed Amendment Of The Motion Is In The Interests Of Justice

As additional reasons for allowing the amendment, Plaintiffs respectfully state as follows.

**First**, the amendments are not sought for a dilatory motive, bad faith or intent to manipulate these proceedings. They are instead sought solely to litigate on the merits.

---

[3] *In re Sumitomo Copper Litig.*, 96 Civ. 4584 (MP), transcript of February 2, 1998 at 36 (annexed hereto as Exhibit A); *see* text following fn. 4 *infra.*

**Second**, certain of the proposed amendments to the memorandum perhaps encapsulate arguments that Plaintiffs could arguably have made in their reply papers.  The amendment thereby provides Defendants with a more meaningful opportunity to respond to same.

**Third**, the Dismissal Opinion covered numerous issues in this intricate, complex case involving "esoteric"[4] markets.  Commodity price manipulation cases are "complex and difficult," presenting issues of "almost overwhelming magnitude and complexity."  *In re Sumitomo Copper Litig.,* 74 F.Supp.2d 393, 395 (S.D.N.Y. 1999) (Pollack, J).  Plaintiffs determined that, in this case, the most factual and meaningful way to respond to those "complex" issues in these "esoteric" markets, was by working "from the ground up" to make specific new allegations based on the document production.

This approach also vindicated the work the parties and Court did to argue and produce the precedent in this Court's earlier order (ECF No. 346) directing limited document discovery from the Goldman Defendants.

This approach also furthers the interests of justice.  It bases large parts of the next phase of this case on the actual evidence produced herein.  It led to the pleading of now-specifically alleged anticompetitive agreements, specifically alleged tonnages of aluminum, and numerous

---

[4] Commodity futures markets are "esoteric" and complex.  *See Merrill Lynch, Pierce, Fenner & Smith v. Curran,* 456 U.S. 353, 356 (1982) (citation omitted).  It is also well recognized that antitrust cases are complex.  *E.g., In re Lithotripsy Antitrust Litig.*, 2000 WL 765086 at *2 (N.D.Ill. 2000) (antitrust claims involve complex issues); *see also In re Processed Egg Products Antitrust Litig.*, 2012 WL 5467530 at *4 (E.D.Pa. Nov. 9, 2012) ("This litigation, like most antitrust cases, has been exceedingly complex, expensive and lengthy.") (internal quotation and cites omitted); *Arenson v. Board of Trade of City of Chicago*, 372 F.Supp. 1349, 1352-53 (N.D.Ill. 1974) (finding antitrust claims relating to commodity futures markets presented inherently complex issues).

other specifically alleged details. Such specifics make this already complex case less abstract, more concrete, and (Plaintiffs believe) less difficult to follow.

**Fourth**, despite committing very substantial resources to this approach, Plaintiffs' analyses with their experts were simply not complete in certain important respects when the prior filing was made on October 10.  This directly resulted in a lack of completeness of Plaintiffs' fact allegations.  It significantly contributed to a lack of correlation among the contents of the proposed complaint, the arguments in the supporting memorandum, and that which the Dismissal Opinion required.

**Fifth**, since October 10, Plaintiffs have diligently worked to complete their analysis of the document production. In doing so, Plaintiffs then learned from specialized spreadsheets as well as industry terminology and jargon in the documents produced by Metro, that an additional type of alleged anticompetitive conduct (¶¶280-286) and other specifics pertinent to the allegations here are very material.

Having learned this, Plaintiffs sought to amend their pleading and also to incorporate facts from other sources, including earlier submissions in this case.  For example, various new portions of the proposed complaint involve (a) the allegation of a complex web of agreements among certain specified persons for re-warranting aluminum (*Compare* ¶¶280-284); (b) a new quantification of a portion of the amount that one Defendant subsidiary allegedly stood to benefit from increases in the Midwest premium (¶¶323-329); (c) new allegations based on an interpretation of a warehouse agreement with the London Metal Exchange ("LME") and what Plaintiffs allege to be the consequences thereof (¶224); (d) new allegations (based on the document production) of the approval that was required for one Defendant to engage in inventive payment deals and a quantification of the amounts of same (¶297); and (e) clarification and/or

explicit pleading and argument of what had been gaps or a lack of clarity in the previous submissions.

**Sixth,** the new, proposed Complaint still makes nine claims but changes those claims in various respects.  This includes by restoring two LME Defendants which had originally been named.  It drops two Goldman entities which were previously named as Defendants.  It adds as Defendants certain Glencore subsidiaries which are present in the U.S.  It drops the LME as a Defendant in the Third Claim.

**Seventh.**  More fundamentally, Plaintiffs have also taken this opportunity to add new arguments responsive to the Dismissal Opinion, and generally amend their allegations and arguments to provide clarity and detail.  This also is, Plaintiffs believe, clearly in the interests of justice.

## CONCLUSION

The circumstances of this motion include "esoteric" markets and very  complex, intricate issues.  *See* fn. 4 *supra*.  Similar cases have recognized the appropriateness of amendments in such circumstances.  *See* fn. 3 *supra*.  Plaintiffs' approach to these complex, intricate issues was to incorporate the new document discovery based upon review and distillation of specific facts, specific amounts of tonnages, and other specifics from the document production.

Plaintiffs have no dilatory motives.  Plaintiffs only want to litigate this motion on the merits and, to the extent possible, with concrete, specific facts.  The replacement documents do not involve waiver (unlike the amended motions approved in the case law).  They instead involve a rule regime of "freely granting amendments" where justice is served thereby.

A briefing schedule on Plaintiffs' motion has not even been set (let alone expired).  No hearing or oral argument has been held (or even scheduled). This filing is made within thirteen

days of the filing sought to be amended.  Plaintiffs have expressed to Defendants a willingness to

agree to whatever time Defendants request to respond.

      Plaintiffs respectfully request that the Court exercise its discretion over its docket and

this motion so as to grant leave to Plaintiffs to amend their motion through the filing and

substitution of the two documents attached to the Notice of Motion for those previously filed in

ECF 610.

Dated:  October 22, 2014

Respectfully submitted,

Christopher Lovell
Gary S. Jacobson
LOVELL STEWART HALEBIAN JACOBSON LLP
61 Broadway, Suite 501
New York, NY 10006
Tel: (212) 608-1900
Fax: (212) 719-4677
Email: clovell@lshllp.com
gsjacobson@lshllp.com

Linda P. Nussbaum
Peter A. Barile III
GRANT & EISENHOFER, P.A.
485 Lexington Avenue
New York, NY 10017
Tel: (646) 722-8500
Fax: (646) 722-8501
Email: lnussbaum@gelaw.com
pbarile@gelaw.com

Bonny E. Sweeney
Carmen Medici
ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101
Tel.: (619) 231-1058
Fax: (619) 231-7423

8

Email: bonnys@rgrdlaw.com
cmedici@rgrdlaw.com

***Interim Co-Lead Counsel for Direct Purchaser
Plaintiffs and the Proposed Direct Purchaser
Plaintiff Class***

# Exhibit A

822ASUMM                                                              1

```
 1        UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF NEW YORK
 2        -----------------------------------x

 3
          IN RE
 4
          SUMITOMO COPPER LITIGATION,              96 CV 4584 MP
 5

 6        -----------------------------------x

 7
                                                  February 2, 1998
 8                                                10:00 a.m.

 9
          Before:
10
                         HON. MILTON POLLACK
11
                                                  District Judge
12

13                          APPEARANCES

14        LOVELL & STEWART, LLP
                  Attorneys for Plaintiffs
15        BY:  GARY JACOBSON

16        LOWEY DANNENBERG BEMPORAD & SELINGER, P.C.
                  Attorneys for Plaintiffs
17        BY:  THOMAS M. SKELTON

18        CADWALADER WICKERSHAM & TAFT
                  Attorneys for Defendant Global
19                Minerals and Metals Corporation
          BY:  H. PETER HAVELES, JR.
20             JENNIFER A.N. WHITE
               MATTHEW I. KLIEGMAN
21
          LOEB & LOEB LLP
22                Attorneys for Defendant R. David Campbell
          BY:  CHARLES H. MILLER
23

24

25
```

                    SOUTHERN DISTRICT REPORTERS 212-805-0300

822ASUMM

1    requirements statute.  The other side will then have an
2    opportunity to respond to it.
3               Now, their response can only be that it doesn't
4    say so.  If it says so, their response is going to be very
5    short.  But I want something to be able to turn to instead
6    of turning to 99 pages.  I want to be able to find a
7    specification of where the essential allegations are
8    contained.  Take your time and get that to me completely.
9    As I said, you have extra time now to amend this complaint.
10   That doesn't bother me at all.  It is a big claim, and I
11   have no doubt that in addition to the amendments of this
12   morning, there will be some more amendments next week or the
13   week after.  But if as amended up to date it falls to the
14   ground, you will have failed on claim 2.  If on the other
15   hand, the essential allegations are in that, we will have a
16   place to refer to hereafter, as of February 2, 1998, where
17   we know that the claim has been asserted in the complaint.
18   Is that clear?
19               MR. JACOBSON:  Very clear, Judge.
20               I wonder, in light of my earlier suggestion of
21   this afternoon, if we could get this to you by the end of
22   the week.
23               THE COURT:  No, take a couple of afternoons.  You
24   may stand or fall on this.
25               MR. JACOBSON:  I understand.