# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588

WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

November 21, 2014

VIA ECF

The Honorable Katherine B. Forrest,
   United States District Court,
      Southern District of New York,
         500 Pearl Street,
           New York, New York  10007.

        Re:   *In re Aluminum Warehousing Antitrust Litigation*, No. 13-md-02481 (KBF)

Dear Judge Forrest:

        As counsel for the Goldman Sachs Defendants, I write on behalf of all Defendants in response to Linda Nussbaum's November 20, 2014 letter to the Court enclosing a copy of the recently released "report" of the Senate Permanent Subcommittee on Investigations ("PSI"). Defendants submit this letter to present their views in advance of the telephonic conference scheduled for Monday.

        The PSI's one-sided and politically charged report does not address any antitrust or competition issues, but rather, as its title suggests, is directed at broader policy questions about banks' ownership of physical-commodity businesses generally ranging from uranium to oil to coal. The portion of this inadmissible document that discusses Goldman Sachs's ownership of Metro (Part IV.D) simply repeats the same factual themes regarding Detroit load-out queues and the movement of aluminum between Metro's Detroit warehouses that were the subject of the July 2013 *New York Times* article and that have been a part of Plaintiffs' complaints from the outset of this litigation. The PSI's report covers no new ground on these issues and has no effect at all on the viability of Plaintiffs' antitrust theories. Nor does it provide a basis to modify the schedule in this case. To the extent that the Court is interested in the policy issues raised by the PSI's document, I am enclosing herewith as Exhibit A a copy of the *Statement of Goldman Sachs: Background and Facts on Financial Intermediation, Certain Investments and Risk Management in the Commodities Markets* that was submitted by

The Honorable Katherine B. Forrest                                                    -2-

Goldman Sachs in response to the PSI's report to present a more balanced and factually correct discussion of the issues.[1]

This Court's August 29, 2014 Order set a briefing schedule for Plaintiffs' motion for leave to amend their complaint. After receiving multiple extensions from the Court, Plaintiffs filed a proposed Second Amended Complaint on October 10, 2014. As it turned out, that complaint was only a placeholder: after Defendants had spent twelve days working on their oppositions, Plaintiffs filed a brand new amended complaint—their Proposed Third Amended Complaint—on October 22, 2014. Defendants now have devoted the last month to drafting their oppositions to that third amended complaint.

Plaintiffs should not be permitted to hit the restart button once again by filing what would be their *fourth* amended complaint in cases that were filed in July and August of 2013, particularly based on a controversial document fueled by a political agenda. It now has been nearly three months since the Court dismissed Plaintiffs' complaint and asked for a proposed amended complaint in 21 days. If litigants continually are permitted to amend their complaints in view of ongoing developments in the world, lawsuits will never progress beyond the pleading stage. Defendants therefore respectfully submit that this case should proceed on the schedule set by the Court's October 30, 2014 Order (ECF No. 634).

Respectfully,

Richard C. Pepperman II

(Enclosure)

cc:     All Counsel

---

[1] Contrary to Plaintiffs' suggestion (Letter at 2 n.3), the PSI's report and the hotly contested "facts" set forth in it are neither admissible nor a proper subject of judicial notice. *See Abu Dhabi Commercial Bank* v. *Morgan Stanley & Co.*, No. 08-cv-7508 (SAS), 2013 WL 1155420, at *7 (S.D.N.Y. Mar. 20, 2013) (excluding PSI report under Federal Rule of Evidence 403).